UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


DAVID W. HOLMES,

                 Petitioner,

vs.                         Case No.  2:07-cv-615-FtM-36DNF

SECRETARY,  DOC,  FLORIDA  ATTORNEY
GENERAL,

                 Respondents.
_____/


## OPINION AND ORDER

### I. Status

Petitioner David W. Holmes (hereinafter "Petitioner" or "Holmes") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on September 18, 2007.[1]  The Petition challenges Holmes' February 9, 2000 state court judgment of convictions for one count of committing a lewd act in the presence of a child, and one count of attempted capital battery entered in the Twentieth Judicial Circuit Court, Lee County, Florida (case number 97-3239CF).

---

[1] The Petition was filed in this Court on September 21, 2007; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." *Alexander v. Sec'y Dep't of Corr.*, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

Petition at 1.[2]  The Petition raises the following four grounds for relief:

**Ground 1 - The trial court erred in failing to make sufficient case specific findings that the child victims' statements were reliable;**

**Ground 2 - The trial court erred by allowing improper evidence, including Holmes' recent release from prison;**

**Ground 3 - The trial court erred in denying Holmes' third claim for relief raised in his post-conviction motion regarding jurors sleeping during trial; and**

**Ground 4 - The trial court erred by instructing jury on lewd assault.**

*Id.* at 5-13.

In accordance with the Court's Order to Show Cause (Doc. #5), Respondent filed a Response to the Petition (Doc. #8, Response) with supporting exhibits (Exhs. 1-15), including the record on direct appeal (Exh. 1).  Petitioner filed a Reply to Respondent's Response (Doc. #20, Reply), along with exhibits (Exhs. A-G).  This matter is ripe for review.

---

[2]The page numbers referenced within this Order, other than to the page number referenced in the Exhibits, are to the page of the identified document as it appears on the Court's case management electronic computer filing system.  Exhibits are available in paper format only.

The Petition identifies Petitioner's conviction to include two counts of attempted sexual battery.  Petition at 1.  Although the jury returned guilty verdicts on two counts of attempted sexual battery, the appellate court subsequently vacated one of the attempted sexual battery counts, finding ineffective assistance of appellate counsel, and the State eventually *nolle prossed* this count.  *See* Procedural History, *infra*.

## II. Procedural History

On September 10, 1999, Holmes was charged in a Second Amended Information with attempted capital battery on child D.H. (count 1); committing a lewd act in the presence of child D.H. and/or A.H. (count 2); attempted capital battery on child A.H. (count 3); capital sexual battery on child A.H. (count 4); and, capital sexual battery on child A.H. (count 5). Exh. 1 at 129-131. Holmes, represented by the State public defender, entered a written plea of not guilty. *Id.* at 6. Holmes proceeded to trial on October 21-22, 1999, and the jury returned a verdict of guilty as to counts 1, 2 and 3. Exh. 1, Vol. II at 394-395. On June 1, 2001, the appellate court *per curiam* affirmed Holmes' conviction and sentence. *Holmes v. State*, 790 So. 2d 416 (Fla. 2d DCA 2010); Exh. 5.

On January 2, 2002, Holmes filed a state petition for writ of habeas corpus pursuant to Florida Rule of Appellate Procedure 9.141(c), alleging ineffective assistance of appellate counsel. The State filed a response. Exh. C.[3] Respondent filed a response to the state petition. Exh. 7. On March 13, 2003, the State appellate court, finding appellate counsel was ineffective for failing to raise an issue regarding the definition of "union" as contained in the jury instruction, vacated Holmes' conviction for

---

[3]Exhibit C was submitted by Petitioner. The Court could not locate a copy of Petitioner's state petition for writ of habeas corpus in the record submitted by Respondent.

attempted capital battery on child D.H. (count 1) and ordered a new trial on that count. *Holmes v. State*, 842 So. 2d 187 (Fla. 2d DCA 2003); Exh. 8.

On June 3, 2003, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising thirteen grounds for relief ("Rule 3.850 motion"). Exh. 10, Vol. 1 at 22-87.[4] Although directed to file a response by the Court, the State failed to file a response, and the postconviction court ordered an evidentiary hearing and appointed Petitioner counsel in connection with Petitioner's Rule 3.850 motion. *Id.* at 210-212. On August 31, 2004, an evidentiary hearing was held on Petitioner's Rule 3.850 motion before Judge Gerald. *See generally* E.H.[5]  On March 17, 2005, the postconviction court denied in part and granted in part Petitioner's Rule 3.850 motion. Exh. 10, Vol. IV at 606-624. In particular, the postconviction court granted relief as to ground twelve, alleging trial counsel was ineffective for failing to argue Holmes' 1992 conviction was not an enumerated felony, and ordered a re-sentencing hearing. *Id.* at 624. The remaining claims

---

[4]Petitioner filed a motion for leave to file an amended Rule 3.850 motion and a proposed amended motion on December 9, 2003. *Id.*, Vol. 2 at 112-115, 116-186. The postconviction court denied Petitioner's motion to file an amended Rule 3.850 motion as untimely. *Id.* at 189-196.

[5]A transcript of the August 31, 2004 evidentiary hearing is included within Exhibit 10, but is not otherwise separately marked. The Court will refer to the transcript from the August 31, 2004 evidentiary hearing as "E.H."

were denied.  *Id.*  On November 15, 2005 Holmes was re-sentenced as a habitual felony offender and sentenced to concurrent life sentences on counts 2 and 3.   Exh. 10, Vol. IV at 241-247. Additionally, the State *nolle prosed* count 1, as a result of the appellate court vacating the count and directing a new trial.

Represented by counsel, Petitioner filed an appeal of the denial of his Rule 3.850 motion.  Exh.  11.   The State filed a response.  Exh.  12.  Petitioner filed a reply brief.  Exh.  13. On June 20, 2007, the appellate court *per curiam* affirmed the postconviction trial court's March 17, 2005 order.   *Holmes v. State*, 976 So. 2d 1106 (Fla. 2d DCA 2007); Exh. 14.  Mandate issued on July 11, 2007.  Exh.  15.

### III.  Applicable § 2254 Law

Holmes filed his timely[6] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action.  *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007);  *Penry v. Johnson*, 532 U.S. 782, 792 (2001);  *Davis v. Jones*, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  Under AEDPA, the standard of review "is 'greatly circumscribed and is highly deferential to the state courts.' *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002)." *Stewart*

---

[6]The AEDPA imposes a one-year statute of limitations on § 2254 actions.   28 U.S.C. § 2244(d).   Respondent submits that the Petition is timely filed.  Response at 7.  The Court agrees.

*v. Sec'y Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007). <u>See</u> <u>also</u> *Parker v. Sec'y Dep't of Corr.*, 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### A.   Federal Question

A federal court may only entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y. Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotations and citations omitted). Although the determination of whether a constitutional decision of the Supreme

Court is a matter of federal law, "[w]hen questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions." *Danforth v. Minnesota*, 128 S. Ct. 1029, 1048 (2008).

**B.  Exhaustion and Procedural Default**

A federal court may only review an issue under § 2254 if petitioner first afforded the state courts an adequate opportunity to address that issue.  28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted.)  This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts.  *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state

-7-

courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(stating "exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").   "A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008).

### Grounds 1 and 2

In ground 1 of the Petition, Petitioner claims that the trial court "failed to make sufficient case specific findings that the child victims['] stamens were reliable."   Petition at 5.   In support, Petitioner points out that, at the conclusion of the hearing concerning the reliability of the child victims' statements, the trial court advised the prosecutor and defense counsel "to presume that the statements would be considered reliable." *Id.* Petitioner maintains that the court did not render a conclusive ruling on the issue before trial. *Id.* Petitioner states that at trial, over defense objection, the child victims' mother [Mary Larney], testified to statements made by the child victims to her. *Id.* Additionally, the court permitted "the child's drawings" and the child victims' taped statements into evidence. *Id.* at 6. Petitioner submits that these items failed to

meet the hearsay exceptions "under F.S. 90.908(23)" because the statements made by the child victims to the various individuals, i.e. mother, doctor, and child protective team interviewer, were not consistent. *Id.* Thus, Petitioner argues "[t]he reliability of the statements are indeed suspect and under Florida law are therefore inadmissable." *Id.* Finally, Petitioner claims that "these hearsay statements, contrary to clearly established law, amounts to a very substantial constitutional violation of [the] [S]ixth and [F]ourteenth [A]mendments." *Id.*

In ground 2, Petitioner claims the trial court erred "in allowing improper character evidence including Defendant's recent release from prison." *Id.* at 9.  In particular, Petitioner claims that testimony by Mary Larney that Petitioner "is better off in jail because of a drug problem," that he "had been violent and abusive towards her" and that he had "just got out of prison" denied him "a fair and impartial trial guaranteed by the Sixth and Fourteenth Amendments." *Id.* at 8.  Petitioner claims that the errors were compounded by the prosecutor emphasizing his "drug use and recent release from prison" during closing. *Id.* at 7.

Respondent submits that grounds 1 and 2 are procedurally barred because Petitioner failed to raise the federal dimension of either of these grounds on direct appeal. Response at 13.  In the alternative, Respondent argues that grounds 1 and 2 fail to raise a federal claim. *Id.*

Upon review of the record, the Court finds that Petitioner raised grounds 1 and 2 on direct appeal, but he raised both grounds on state law grounds only. *See generally* Exh. 2.  Petitioner did not alert the state court of the federal constitutional dimension of either claim anywhere in his brief on direct appeal. *Id.*

As to ground 1, Petitioner challenged the trial court's admission of the child victim hearsay statements on the grounds that the statements failed to satisfy the applicable Florida statute and Florida case law.  As to ground 2, although Petitioner argued that the statements offered by Mary Larney deprived Petitioner of a "fair trial," he claimed he was denied a fair trial under Florida law.  No where in Petitioner's brief on direct appeal does Petitioner even make a passing reference that either ground deprived Petitioner of any federal constitutional right. *See generally* Exh. 2.  Nor does Petitioner cite to any federal case law or statute in support of either ground.

If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling made by the state trial court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

*Accord Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995). Thus, although Petitioner presented the substantive component of these grounds on direct appeal, he failed to couch either ground in terms of any federal constitutional violation, let alone a Sixth or Fourteenth Amendment violation. Consequently, grounds 1 and 2 of the Petition are procedurally barred because Petitioner failed to present these grounds to the state courts for their consideration on direct review. See <u>e.g.</u> *Cone v. Bell*, ___ U.S. ___, 129 S.Ct. 1769, 1781 (2009)(stating "[a] claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration."); *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d at 1342.

In the alternative, grounds 1 and 2 fail to raise a federal issue for which habeas relief can be granted. Both grounds challenge whether specific evidentiary rulings made by the trial court were correct. As such, these grounds are generally not subject to review because this Court may not inquire into the validity of the trial court's application of its state law. *Carrizales v. Wainwright*, 699 F.2d at 1055; *Cabberiza v. Moore*, 217 F.3d 1329 at 1333. *See also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Bodkins v. Wainwright*, 737 F.2d 1539, 1543 (11th Cir. 1984). Generally, states deserve wide latitude in matters of evidentiary rulings and federal courts are reluctant to second guess such rulings. *Id.* State-court evidentiary rulings only rise to the level of due process violations if they offend some

principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.  *See Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)(quoting *Patterson v. New York*, 432 U.S. 197, 202 (1977)).

Here, the Court does not find that the trial court's evidentiary rulings rendered Petitioner's entire trial fundamentally unfair so as to result in a violation of Petitioner's due process rights.  Indeed, as to ground 1, a hearing was held prior to trial and, contrary to Petitioner's assertion, the trial court entered a written order dated October 21, 1999, which explained in detail the court's reasons for finding the child victims' hearsay testimony reliable.  Exh. 1, Vol. 2 at 147-149.  Consequently, Petitioner's assertion that the "no ruling on the matter was clear," *see* Petition at 5, is disingenuous.

Similarly, as to ground 2, the State filed a *Williams*[7] Rule Notice disclosing its intent to present evidence of Petitioner's previous convictions, and the trial court granted Holmes' motion to compel all evidence of the same.  Exh. 1, Vol. 2 at 139, 143.  Additionally, at a pretrial hearing the prosecution explained that Petitioner's collateral acts may be introduced to explain the delay by Mrs. Larney in reporting the crimes.  Exh. 1, Transcript of Proceedings held October 18, 1999 at 41-46.

---

[7]*Williams v. State*, 870 So. 2d 71 (Fla. 2d DCA 2003).

In fact, the statements by Mrs. Larney that Holmes "was better off in jail" was actually made by defense counsel during Mrs. Larney's cross examination. Exh. 1, Vol. 1 at 126. On redirect, when asked to explain the statement, Mrs. Larney stated that she thought Holmes would be better off in jail "because [Holmes] had a very bad drug problem." *Id.* at 136-136. Further, Mrs. Larney's statement that Holmes had recently been in jail was elicited due to defense counsel questioning on recross examination that she was arrested for domestic violence. *Id.* at 140-144. Thus, defense counsel opened the door to the statements that Petitioner deems objectionable.

Based upon the foregoing the Curt dismisses ground 1 and 2 as procedurally barred. In the alternative, the Court finds that neither ground 1 nor ground 2 raise a cognizable federal issue for which habeas corpus relief may be granted.

## C. Deference to State Court Decision

Where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. *See, e.g.*, *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson*, 527 F.3d at 1146.

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward*, 591 F.3d at 1155 (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000),

*cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### D. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether

the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 688; *see also Bobby Van Hook*, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the *Strickland* standard is "doubley deferential." *Knowles v. Mirzayanze*, ___ U.S. ___, 129 S.Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that

"counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

The *Strickland* standard "applies whether [a court is] examining the performance of counsel at the trial or appellate level." *Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001) (citing *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987)).  To demonstrate that his appellate counsel's performance was deficient, Petitioner must show that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687.  "In considering the reasonableness of an attorney's decision not to raise a particular claim, [a court] must consider 'all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Eagle*, 279 F.3d at 940

(quoting *Strickland*, 466 U.S. at 691).  "Thus, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time.'"  *Id.* (quoting *Strickland*, 466 U.S. at 689).  The reasonableness of counsel's assistance is reviewed in light of both the facts and law that existed at the time of the challenged conduct.  *Chateloin v. Singletary*, 89 F.3d 749, 753 (11th Cir. 1996).

To determine whether Petitioner was prejudiced by his appellate attorney's failure to raise a particular issue, the Court "must decide whether the arguments the [Petitioner] alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal."  *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988)), *cert. denied*, 531 U.S. 1131 (2001).  "If [a court] conclude[s] that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal."  *Eagle*, 279 F.3d at 943 (citing *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990)).

### IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.  *Schriro v. Landrigan*, 550 U.S. 465, 127 S.

Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 127 S. Ct. at 1940.

**Ground 3**

Although stated as trial court error, Petitioner asserts an ineffective assistance of counsel claim in his third ground for relief. Petition at 11. Specifically, Petitioner asserts that "counsel was ineffective for not making a contemporaneous objection and moving for a mistrial after becoming aware of several members of the jury sleeping during critical stages of the state's case in chief." *Id.* Petitioner faults counsel for waiting to raise this issue in a motion for a new trial, after Petitioner was found guilty, and submits that counsel's decision "not to bring this situation to the attention of the trial court or seek a mistrial cannot be considered a sound tactical decision." *Id.* at 12.

The record reveals that Petitioner presented this ground in his Rule 3.850 motion, and the postconviction court, after an evidentiary hearing, denied this ground. Petitioner then filed an appellate brief addressing this ground on appeal, which was summarily denied by the appellate court. Thus, this ground is exhausted and the Court will turn to the merits.

The postconviction court, in denying this ground, cited to *Locklear v. State*, 847 So. 2d 543 (Fla. 2d DCA 2003), which in turn

relied upon *Strickland*.  Exh. 10 Vol. IV at 607-608.  Therefore, the postconviction court applied the proper standard for an ineffective assistance of counsel claim.  In finding Petitioner's claim without merit, the postconviction court stated as follows:

> Under Ground (3), Defendant alleged in his motion that jurors were observed sleeping but that counsel took no action until the filing of a motion for a new trial.  At the evidentiary  hearing, Defendant and three of his brothers offered testimony as to their observations regarding sleeping jurors.  However, neither the Defendant nor his brothers offered any testimony which would specifically identify those portions of the trial that the sleeping jurors may have missed.  As such, it is impossible to tell whether the jurors' sleeping was prejudicial to the defense.  *See Bullis v. State*, 734 So. 2d 463 (Fla.  5th DCA 1999).  Defendant did not present any case law that would support his suggestion that jurors sleeping during any portion of the trial would constitute prejudice, per se, and this Court is unaware of any such case law which would relieve Defendant of "the burden of offering proof demonstrating that, but for counsel's errors, the outcome of the trial would likely have been different.*1  Any finding of prejudice would be speculative, at best.*2,*3  Accordingly, Defendant has failed to meet his burden of demonstrating that counsel was ineffective within the meaning of *Strickland* as it relates to the alleged sleeping jurors,

> > *1  It is important at this juncture to again note that the jury did find Defendant not guilty as to the two most serious counts of capital sexual battery.  Even though Defendant interprets certain alleged actions (i.e. the jurors' sleeping or requesting to view the CPT tape a second time) as having been prejudicial, it is equally as likely that those alleged actions benefitted Defendant by contributing to the not guilty verdicts on the counts of capital sexual battery.

> > *2  Likewise, Defendant's own conclusion that the reason for the jurors' request for another viewing of the CPT tape was because they had

been "sleeping through certain Direct and
Cross-Examination," is speculative and
unsupported by any evidence presented at the
evidentiary hearing.

*3  The Court notes that in trying to explain
why counsel was ineffective for failing to
move for a mistrial based on the alleged
sleeping jurors, Defendant expressly testified
that "at the time of Ashley's testimony, all
the testimony that was given actually points -
they probably would have had enough evidence
actually to convict me of the two worser
charges of capital sexual battery. They chose
not to convict me of those." This admission
tends to refute rather than support
Defendant's claim of ineffective assistance of
counsel.

*Id.* at 615.

The Court finds that the state court's decision was neither

contrary to or an unreasonable application of *Strickland* nor an

unreasonable determination of the facts. The record of the

evidentiary hearing reveals Petitioner recalled having a

conversation with defense counsel Mr. Bass about one redheaded

woman juror sleeping, but Petitioner admitted he had this

conversation during *voir dire* after the juror had already been

chosen. E.H. at 33-34. Although Petitioner and his three brothers

testified that they noticed other jurors nodding off, in particular

a man who was resting his head on his hand, none of them could

identify at what point during the trial this occurred. *See

generally* E.H. Defense counsel testified that he did "not have

any specific recollection of jurors sleeping." *Id.* at 94. Nor,

did defense counsel "have any specific recollection of being told

that jurors were sleeping." *Id.*  Thus, even if Petitioner could
somehow show that counsel was deficient, Petitioner cannot
demonstrate the prejudice component of *Strickland* because
Petitioner was unable to prove at what point in the trial
proceedings any of the jurors were sleeping.  Indeed, Petitioner
was acquitted of the two most serious charges-capital sexual
battery (counts 4 and 5).  Consequently, the Court finds ground 3
is without merit.

### Ground 4

Petitioner contends that the trial court committed a
"fundamental error" by charging the jury on lewd assault, which was
an uncharged offense.  Petition at 13.  Respondent submits that
this ground is procedurally barred and fails to raise a federal
claim.  Response at 8.  Petitioner asserts that he raised this
ground in his state habeas petition.  Petition at 14.
Additionally, Petitioner states that he raised this ground as his
eighth claim in his Rule 3.850 motion.  Reply at 15.

It is undisputed that Petitioner did not raise this ground of
trial court error on direct appeal.  *See generally* Exh.  2.
Petitioner did, however, raise a similar claim in his state habeas
petition. Exh. 7.  In particular, Petitioner claims that appellate
counsel was ineffective for failing to raise the claim that the
trial court committed a fundamental error when the trial court
instructed the jury on the elements of lewd assault, when
Petitioner was charged in count 2 with only committing a lewd act

in the presence of D.H. and/or A.H.   Exh.   C.[8]   Petitioner
specifically argued that the instruction violated his "due process
rights to a fair trial" and cited to the Fifth, Sixth and
Fourteenth Amendments.  *Id.* at 7.  In response, Respondent argued,
*inter alia*, that counsel cannot be deemed ineffective for failing
to object to a jury instruction that required the State to prove an
additional element than the crime charged.   Exh.  7 at 5.
Specifically,  Respondent  noted  that  a  lewd  assault  is  victim

---

[8]The following is the wording of the jury instruction at issue:

　　Before you can find the defendant guilty of a lewd
act,  the State must prove the following two elements
beyond a reasonable doubt:

1. D.H. or A.H. was under the age of sixteen years.

2. That David W. Holmes made an assault upon D.H. or A.H.
in a lewd, lascivious, or indecent manner by touching
and/or  rubbing  his  exposed  genitals  to  produce
ejaculation.

　　Neither  the  victim's  lack  of  chastity  nor  the
victim's consent is a defense to the crime charged.

　　As used in regard to this offence, the words lewd,
lascivious, and indecent mean the same thing.  They mean
wicked, lustful, unchaste, licentious, or sensual intent
on the part of the person doing an act.

　　An assault is an intentional, unlawful threat by
word or act to do violence to the person of another,
coupled with an apparent ability to do so, and in doing
some act which creates a well-founded fear in such other
person that such violence is imminent.

　　"In the presence of" means that D.H. or A.H. saw,
heard, or otherwise sensed that the act was taking place.

Exh.  1, Supp.  Vol.  3 at 316-317.

Case 2:07-cv-00615-CEH-DNF   Document 30   Filed 08/04/10   Page 24 of 26 PageID 172

specific.   *Id.*   The appellate court denied this ground without opinion.  Exh. 8.   Thus, the Court finds that this ground is exhausted, to the extent the Petitioner raised this ground in Petitioner's state habeas petition.

       To the extent exhausted as an ineffective assistance of appellate counsel claim,[9] the Court finds that Petitioner is not entitled to relief on this ground because he has not shown that the adjudication of this claim by the State court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  In *Anderson v. Harless*, 459 U.S. 4, 7 (1982), the Supreme Court recognized that a petitioner is denied due process when a jury instruction obviates the requirement that the prosecutor prove all the elements of a crime beyond a resonable doubt.  Here, although Petitioner was charged with and found guilty of a lewd act, the prosecutor was required to prove the additional element of "assault." Consequently, Petitioner cannot show prejudice and is not entitled to relief on ground 4.  *Eagle v. Linahan*, 279 F.3d at 940.

---

[9]Petitioner, as his 8th claim for relief in his Rule 3.850 motion, additionally argued that trial counsel was ineffective for failing to object to the count 2 lewd instruction.  Exh.  10 at 62-64.  Petitioner did not, however, raise this issue in his appeal of the denial of his Rule 3.850  *See generally* Exh.  11.

-24-

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2.    The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

**CERTIFICATE OF APPEALABILITY AND**
**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability (COA).   *Id.*   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 4th day of August, 2010.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record